**APPEAL NO. 21-8034**

# IN THE UNITED STATS COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | | |
|---|---|---|
| SMITH & WESSON, INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| EARL DONALD BAKER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ON PETITION FOR INTERLOCUTORY REVIEW**
**FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF**
**MASSACHUSETTS**
**CASE NO. 3: 19-CV-30008-MGM**

**RESPONSE IN OPPOSITION TO**
**PETTION FOR INTERLOCUTORY APPEAL**

Benjamin C. Rudolf
Court of Appeals Bar Number: 114541
Murphy & Rudolf, LLP
One Mercantile Street
Worcester, MA  01609
Telephone:508.425.6330
Brudolf@murphyrudolf.com
(*Attorney for Defendants/Appellants*)

John Y. Lee*
Lee& Breen, LLC
188 Industrial Drive, Suite 403
 Elmhurst, IL 60126
Telephone: 312.241.1420
 jlee@leebreenlaw.com
(*Attorney for Defendants/Appellants*)
*<u>Admitted Pro Hac Vice before the</u>*
<u>United States District Court for the</u>
<u>District of Massachusetts</u>

i

# **TABLE OF CONTENTS**

| SECTION OF BRIEF | PAGE NO. |
|---|---|
| **TABLE OF AUTHORITIES** ………..…………………………… | iii |
| **INTRODUCTION** ………..……………………………………. | 1 |
| **REASONS TO DENY THE PETITION FOR APPEAL** ……… | 1 |
|     I.    **The Appeal Does Not Involve a "Controlling Question of Law" Not Would It "Materially Advance the Termination of the Litigation:**……………………… | 1 |
|     II.    **There is no "Difference of Opinion" Sufficient to Warrant an Appeal** …………………………………. | 5 |
| **CONCLUSION**……………………………………………….. | 12 |
| **CERTIFICATE OF COMPLIANCE**……………………….. | 13 |
| **CERTIFICATE OF SERVICE**…………………………………… | 14 |

# **TABLE OF AUTHORITIES**

| **CASES** | **PAGE NO**. |
|---|---|
| *Barker v. UBS AG*, 888 F.Supp.2d 291 (D. Conn. 2012) …..... | 9 |
| *Blackburn v. Reich*, 79 F.3d 1375, 1378 (4th Cir. 1996) …….. | 10 |
| *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) ……………………………………………………. | 1 |
| *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) …………………………………….. | 1 |
| *Collins v. Beezer Homes USA, Inc.*, 334 F.Supp.2d 1365, 1377 (N.D.Ga. 2004) …………………………………………………. | 7 |
| *Day v. Staples, Inc.*, 555 F.3d 42, 55 (1st Cir. 2009) …………. | 9 |
| *Feldman v. Law Enforcement Assocs. Corp*, 779 F.Supp.2d 472, 492 (E.D.N.C. 2011) ……………………. | 6 |
| *Klopfenstein v. PCC Flow Technologies Holdings, Inc.*, 2006 DOLSOX LEXIS 59, *35 (2006) ………………………. | 7 |
| *Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) …... | 9 |
| *Lawson v. FMR LLC*, 724 F.Supp.2d 167, 168 (D.Mass. 2010) …………………………………………………. | 2 |
| *Leznik v. Nektar Therapeutics, Inc.*, 2007 DOLSOX LEXIS 96 (Dept. of Labor SAROX Nov. 16, 2007) ……………………. | 7 |
| *Mello v. Stop & Shop Cos.*, 402 Mass. 555 (1988) ………….. | 4 |
| *Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 830 F.Supp. 1549, 1557 (D.N.J. 1993) ……… | 2 |
| *Schutz v. Go Ahead Vacations, Inc.*, 1999 Mass. Super. LEXIS 393, *7 (Superior Court, 1999) ………………………. | 4 |

*SEC v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000) …………………………………………….. 2

*SEC v. World-Wide Coin Inv.*, 567 F. Supp. 724, 746 (N.D. Ga. 1983) …………………………………………….. 11

*Sequeira v. KB Homes*, 716 F.Supp.2d 539 (S.D.Tex. 2009) …………………………………………….. 7

*Shea v. Emmanuel College*, 425 Mass. 761, 763 (1997) …… 4

*Smith v. Corning, Inc.*, 496 F.Supp.2d 244, 248-50 (W.D.N.Y. 2007) ……………………………………………… 6

*South Orange Chiropractic Center, LLC v. Cayan LLC*, 2016 U.S. Dist. LEXIS 70680, *6 (D. Mass. May 31, 2016) .. 6

*United Air Lines v. Gregory*, 716 F.Supp.2d 79, 92 (D.Mass. 2010) ……………………………………………… 6

*Upton v. JWP Businessland*, 425 Mass. 756 (1997) ………… 4

*Wadler v. Bio-Rad Labs*, 916 F.3d 1176 (9th Cir. 2019) …….. 8

*Welch v. Chao*, 536, F.3d 269, 275 (4th Cir. 2008)…………… 9

*Zulfer v. Playboy Enterprises, Inc.*, 2013 U.S.Dist. LEXIS 199070, *18 (C.D.Ca. 2013) …………………………………. 7

## STATUTES AND REGULATIONS

M.G.L. c. 271 § 39  ………………………………………….. 3

17 C.F.R.  § 240.13b2-1 ……………………………………… 11

17 C.F.R. §240.13b2-2 …………………………………….. 11

15 U.S.C.  § 78ff(c) ………………………………………... 11

15 U.S.C.  § § 78m(b)(2), 78dd-1, *et seq* …………………….. 11

| | |
|---|---|
| 18 U.S.C. § 1514A ………………………………………. | Passim |
| 18 U.S.C. § 1520(b) ……………………………………… | 11 |
| 28 U.S.C. §1292(b)…………………………………….... | 1 |

## **LEGISLATIVE HISTORY**

| | |
|---|---|
| 148 Cong. Rec. S1783, S1791, 2002 WL 384616 (daily ed. Mar. 12, 2002) (Sen. Leahy) ………………………. | 10 |
| 148 Cong. Rec. S6734, S6759, 2002 WL 1532280 (daily ed. July 15, 2002) (Sen. Boxer) ………………………. | 10 |
| S. Rep. No. 95-114 at 11 (1977) ……………………………. | 10 |
| 16 S.E.C. Docket 1143, Release No. 15570, 1979 WL 173674, *1 n. 2 (1979) …………………………………… | 11 |

## **SECONDARY SOURCES**

| | |
|---|---|
| Charles A. Wright, et al, *Federal Practice and Procedure* § 3930 (1996) ……………………………………………….. | 2 |

# INTRODUCTION

In its Petition for Interlocutory Appeal, Petitioner Smith & Wesson, Inc. ("S&W") requests that this Court grant interlocutory review of the District Court's Order denying S&W's motion for summary judgment on Respondent Earl Baker's ("Baker") retaliation claim under Section 806 of the Sarbanes-Oxley Act, 18 U.S.C. §1514A ("SOX").  The First Circuit has "repeatedly emphasized" that leave to appeal "should be used sparingly and only in exceptional circumstances." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) *citing*, *McGillicuddy v. Clements*, 746 F.2d 76 n.1 (1st Cir. 1984).  Such appeals are "hens-teeth rare."  *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004).

As set forth in 28 U.S.C. §1292(b), an interlocutory appeal of a district court's order is appropriate if 1) the order involves a "controlling question of law as to which there is a substantial ground for difference of opinion," ***and*** 2) an immediate appeal from the order may "materially advance the ultimate termination of the litigation." As neither condition can be met here, Baker respectfully requests that this Court deny S&W's Petition.

## REASONS TO DENY THE PETITION FOR APPEAL

### I.     The Appeal Does Not Involve a "Controlling Question of Law" Nor Would It "Materially Advance the Termination of the Litigation"

"Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance

1

the ultimate termination of the litigation, in practice the two questions are closely connected." *SEC v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 227 (S.D.N.Y. 2000), *citing*, *The Duplan Corp. v. Slaner*, 591 F.2d 139, 148 n.11 (2d Cir. 1978); *Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993); Charles A. Wright, et al, *Federal Practice and Procedure* § 3930 (1996).

With respect to its first assertion, S&W asserts that a "question of law is 'controlling' if reversal of the district court's order would terminate the action." (See S&W's Petition for Interlocutory Appeal ("Petition"), p. 7). S&W asserts that whether Baker can sustain a retaliation claim under SOX turns on the meaning of the phrase "rule or regulation of the Securities and Exchange Commission" and that "[i]f the interpretation offered by Petitioner is correct, this case will be over." *Id*. Similarly, with respect to the effect of an appeal and whether such an appeal would "materially advance the termination of this litigation," S&W claims that "a finding that Section 78m(b)(5) in not covered by Section 806 would terminate the litigation …." (Petition, p. 15).

Contrary to S&W's assertion, however, this litigation would not be "over" should it be allowed to appeal this issue as should S&W be successful in its appeal, Baker's public policy claim would be revived. This fact makes the current case distinguishable from *Lawson v. FMR LLC*, 724 F.Supp.2d 167, 168 (D.Mass. 2010)

2

in which the judge denied a motion to dismiss and noted in his order allowing for a petition for an interlocutory appeal that an appellate decision would "materially advance the termination" of the cases. In *Lawson*, if the appellate court reversed the district court's denial of the motion to dismiss, the case would have been over before it really began, thus saving a tremendous amount of the court's, and the parties', time. Such is simply not the case here.

In its Motion for Summary Judgment, S&W asserted that because Baker's claim for Wrongful Termination in violation of Massachusetts public policy was "founded on the same alleged conduct" as the SOX claim, it is preempted by SOX. The District Court, in its Order of September 10, 2021, agreed with S&W noting that Baker could not state a claim for Wrongful Termination because that claim was "based on the same behavior as his SOX claims." However, if this Court determines that the conduct alleged against S&W does not fall within SOX as it does not constitute a violation of an SEC "rule or regulation," then S&W's argument that the Wrongful Termination claim is preempted by SOX, and the District Court's agreement with that argument, cannot hold.

Massachusetts statute Part IV, Title I, Chapter 271, describes "Crimes Against Public Policy." Specifically, Section 39 related to "Gifts to Influence Business Affairs" and prohibits"

> (a) Whoever, in relation to any transaction or matter concerning the business affairs of an employer, principal or beneficiary (1) offers, gives or agrees

3

> to give an agent or fiduciary of another person and benefit or anything of value with intent to influence the recipient's conduct, or (2) as an agent or fiduciary, solicits, accepts or agrees to accept any benefit or anything of value from another person who Is not an employee, principal, or beneficiary upon an agreement or understanding that such benefit or thing of value will influence his conduct, shall be punished by imprisonment in the state prison of not more than five years, or by a fine of not more than ten thousand dollars, or both.

M.G.L. c. 271 § 39.

Massachusetts courts have recognized that, in certain circumstances, an at-will employee may maintain an action against his former employer for wrongful discharge. See *Upton v. JWP Businessland,* 425 Mass. 756 (1997). Further, the Supreme Judicial Court of Massachusetts has noted that "the reporting of suspected criminal activity [should not] be discouraged by the threat of discharge. *Shea v. Emmanuel College*, 425 Mass. 761, 763 (1997). "Termination in retaliation for bringing criminal conduct to a supervisor's attention is a termination in violation of public policy." *Schutz v. Go Ahead Vacations, Inc.*, 1999 Mass. Super. LEXIS 393, *7 (Superior Court, 1999). *See also*, *Mello v. Stop & Shop Cos.,* 402 Mass. 555 (1988) (Supreme Judicial Court assumed, without deciding, that an at-will employee who told his employer of criminal wrongdoing occurring within his company would be entitled to recover for a wrongful discharge).

Chapter 271 clearly describes criminal conduct and, given that the title of the Chapter is "Crimes Against Public Policy," there can be no doubt that the proscribed behavior constitutes a recognized public policy in Massachusetts. Further, if, as

4

asserted by S&W in support of its efforts to seek an appeal, violations of SEC statutes are not conduct that falls within the prohibited conduct enumerated in Section 806 of SOX, Baker nevertheless alleges unlawful conduct under federal statute and criminal conduct under Massachusetts law. S&W's and the District Court's only basis for summary judgment on Baker's Wrongful Termination cause of action was that the cause of action is preempted by SOX. If S&W is correct that the conduct alleged against it is not covered by SOX, then the granting of S&W's motion for summary judgment on Baker's Wrongful Termination was improper and the claim must be revived.

Unlike the *Lawson* case, a finding by this Court in favor of S&W would not terminate this litigation, nor would it avoid the need for a trial. Contrary to the District Court's statement in its November 24 Order (Exhibit B to the Petition) that "the parties have recently begun discovery," both written and oral discovery in the underlying matter have been completed for many months and the only further proceeding required is a trial. As such, the proposed appeal does not present a "controlling question" of law nor would it "materially advance" the litigation.

## II. There is No "Difference of Opinion" Sufficient to Warrant an Appeal

With respect to allowing an interlocutory appeal based on a purported "difference of opinion" among courts, the First Circuit has recognized that such an appeal "might be appropriate when the circuits are divided and a court follows the

5

minority view." *South Orange Chiropractic Center, LLC v. Cayan LLC*, 2016 U.S. Dist. LEXIS 70680, *6 (D. Mass. May 31, 2016) *citing*, *Rodriguez v. Banco Cent.*, 917 F.2d 664, 665 (1st Cir. 1990). Another basis for interlocutory appeal is where the case law in the district courts nationwide is divided. *Id*. *citing, Natale v. Pfizer, Inc.*, 379 F. Supp. 2d 161, 182 (D. Mass. 2005) (finding substantial difference of opinion where the "case law to date demonstrates marked litigant confusion and disagreement"). However, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." *United Air Lines v. Gregory*, 716 F.Supp.2d 79, 92 (D.Mass. 2010).

  Although S&W asserts that "there is a split in both Circuit-level and District-level authority" (Petition, p. 9) of whether a violation of an SEC statute constitutes a violation of "any rule of regulation" of the SEC for purposes of §806 of SOX, that is incorrect. The vast majority of cases clearly recognize that allegations of inadequate internal controls and violations of company policies and procedures are sufficient to constitute protected activity under SOX. *Feldman v. Law Enforcement Assocs. Corp*, 779 F.Supp.2d 472, 492 (E.D.N.C. 2011) ("Disclosures made by employees concerning reasonably perceived violations of SEC rules governing internal control standards can constitute protected conduct under SOX."); *Smith v. Corning, Inc.*, 496 F.Supp.2d 244, 248-50 (W.D.N.Y. 2007) (the disclosure that a company was implementing a financial reporting program that was not GAAP-

compliant was protected under SOX); *Leznik v. Nektar Therapeutics, Inc.*, 2007 DOLSOX LEXIS 96 (Dept. of Labor SAROX Nov. 16, 2007) ("employees disclosures about efforts to circumvent … internal controls are protected activities, because they address violations of SEC rules"); *Sequeira v. KB Homes*, 716 F.Supp.2d 539 (S.D.Tex. 2009), (court noted that the plaintiff "believes, rightly so, that there is a law requiring companies to maintain internal accounting controls. He believes that [the company] violated this law by failing to follow its own procedures regarding vendor contracts and inventory control" and found that the plaintiff had engaged in protected behavior); *Zulfer v. Playboy Enterprises, Inc.*, 2013 U.S.Dist. LEXIS 199070, *18 (C.D.Ca. 2013) ("Federal courts regularly hold that disclosure of a perceived violation of 15 U.S.C. §78m(b)(5) is SOX-protected as a disclosure related to a violation of a 'rule or regulation of the SEC'"); *Collins v. Beezer Homes USA, Inc.*, 334 F.Supp.2d 1365, 1377 (N.D.Ga. 2004) (plaintiff's disclosures were protected by SOX because "they allege[d] attempts to circumvent the company's system of internal accounting controls and therefore state[d] a violation of Section 13 of the Exchange Act); *Klopfenstein v. PCC Flow Technologies Holdings, Inc.*, 2006 DOLSOX LEXIS 59, *35 (2006) (where plaintiff noticed a discrepancy in the in-transit inventory balances for overseas transactions that "if uncorrected, it would cause a material overstatement of [the company's] assets," ALJ stated that the problems with the inventory discrepancies, "suggested, at a minimum, incompetence

in [the defendant's] internal controls that could affect the accuracy of its financial statements. [The plaintiff's] communications thus related to a general subject that was not clearly outside the realm covered by SOX, and it certainly is possible that [the plaintiff] could have believed that the problems were a deficiency amounting to a 'violation'"). The fact that one federal circuit and one district court within that circuit came to a different conclusion is not sufficient to create a "substantial ground for a difference of opinion."

Further, the Ninth Circuit's conclusion in *Wadler v. Bio-Rad Labs*, 916 F.3d 1176 (9th Cir. 2019), did not create a "substantial ground for difference of opinion." In *Wadler*, the plaintiff specifically reported to his employer that he believed other employees of the defendant in China had violated the bribery and books and records provisions of the Foreign Corrupt Practices Act ("FCPA"). The Ninth Circuit, reversing the District Court, determined that "although the words 'rule' and 'regulation' could perhaps encompass a statute when read in isolation, the more natural and plain reading of these words together and in context is that they refer only to administrative rules or regulations. … The most obvious explanation is that 'law' encompasses statutes, like the FCPA, whereas "rule and regulation" does not." *Wadler*, 916 F.3d at 1186.

However, the *Wadler* decision eviscerates the protections afforded to whistleblowers under SOX which prohibits companies like S&W from retaliating

8

against any employee who discloses, *inter alia*, "any conduct which the employee ***reasonably believes*** constitutes a violation of . . . any rule or regulation of the Securities and Exchange Commission or any provision of Federal law relating to fraud against shareholders . . . ." 18 U.S.C. § 1514A(a)(1). (Emphasis added.) Case after case has recognized that a plaintiff need not cite to specific code sections that they believe the employer violated in order to be protected. *Day v. Staples, Inc.*, 555 F.3d 42, 55 (1st Cir. 2009); *Welch v. Chao*, 536, F.3d 269, 275 (4th Cir. 2008); *Barker v. UBS AG*, 888 F.Supp.2d 291 (D. Conn. 2012). Further, an employee "need not demonstrate that a violation of law actually occurred." *Barker*, 888.F.Supp.2d at 298. Rather, "it is sufficient that an employee demonstrates that she reasonably believed that the defendant's conduct violated federal law." *Id*. If a potential whistleblower does not have to cite a specific code section nor prove that a violation actually occurred, how can they be required to evaluate whether a violation of the Securities Exchange Act constitutes a "law" or a "rule of regulation" of the SEC such that they will be protected under SOX? No employee can be expected to appreciate such a subtle nuance in the law in order to receive the broad protection the legislature intended to provide under SOX.

Like other remedial statutes, whistleblower protections are "interpreted broadly." *See, e.g., Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) ("statutes designed to protect individual rights" must be interpreted broadly);

*Blackburn v. Reich*, 79 F.3d 1375, 1378 (4th Cir. 1996) ("The overarching purpose of the statute - the protection of whistleblowers - militates against an interpretation that would make anti-retaliation actions more difficult to maintain."). The provisions "a rule or regulation of the [SEC]" must be broadly interpreted to cover all legal requirements enforced by the SEC. The legislative history of Sarbanes-Oxley makes clear that it is directed broadly at misconduct by public companies. *See* 148 Cong. Rec. S1783, S1791, 2002 WL 384616 (daily ed. Mar. 12, 2002) (Sen. Leahy) ("The bill promises to make whistleblower protection the rule rather than the exception for those challenging betrayals of corporate fiduciary duty *enforced by the Securities and Exchange Commission*.") (emphasis added); *see also* 148 Cong. Rec. S6734, S6759, 2002 WL 1532280 (daily ed. July 15, 2002) (Sen. Boxer) ("And finally, it protects whistleblowers who reveal *unethical acts* by the companies for which they work."). (Emphasis added). Congress charged the SEC with civil enforcement of the FCPA precisely because FCPA violations result in falsehoods on a company's books and records and violations of internal accounting controls obligations traditionally considered the securities law purview of the SEC. *See* S. Rep. No. 95-114 at 11 (1977).

Further, contrary to the *Wadler* court's decision, disclosures of FCPA violations constitute protected conduct under Sarbanes-Oxley because the FCPA is a "rule or regulation of the Securities and Exchange Commission." The FCPA is

part of the Securities Exchange Act, 15 U.S.C. §§ 78m(b)(2), 78dd-1, *et seq*, and is enforced by the SEC. 15 U.S.C. § 78ff(c). The very purpose of the FCPA, and its inclusion in the Securities Exchange Act, is to protect shareholders. *SEC v. World-Wide Coin Inv.*, 567 F. Supp. 724, 746 (N.D. Ga. 1983). The Court in *Wadler* chose to narrowly construe the protection provided by SOX to only extend to regulations propounded by the SEC, not laws enforced by it. But "rule or regulation *of*" does not mean a "rule or regulation *created by*" or "*adopted by*." Indeed, where the Sarbanes-Oxley Act sought to limit a provision to a rule or regulation *promulgated by* the SEC it did so expressly. *See* 18 U.S.C. § 1520(b) (referring to "any rule or regulation *promulgated by* the Securities and Exchange Commission").

Moreover, where a statute clearly makes conduct illegal, there is no reason for an agency to issue a regulation parroting the statute's language. When the SEC adopted its promulgated rules regarding falsification of accounting records, 17 C.F.R. § 240.13b2-1, and preventing officers and directors from making misleading statements to accountants and auditors, 17 C.F.R. §240.13b2-2, it made explicit that additional proposed books and records and internal accounting control rules were no longer necessary because "*enactment of the FCPA makes it unnecessary to adopt [them]*." 16 S.E.C. Docket 1143, Release No. 15570, 1979 WL 173674, *1 n. 2 (1979) (emphasis added).

As found by the District Court here, the provisions of the FCPA constitute "rules or regulations" of the SEC within the meaning of the broad protection provided to whistleblowers under Sox. The Ninth Circuit's conclusion to the contrary does not represent a "difference of opinion" sufficient to warrant an appeal on this issue.

## CONCLUSION

For the foregoing reasons the Court should deny S&W's Petition for Interlocutory Appeal.

Respectfully submitted,

EARL D. BAKER

By: /s/ Benjamin C. Rudolf
      Attorney for Plaintiff

Benjamin C. Rudolf
Court of Appeals Bar Number: 114541
Murphy & Rudolf, LLP
One Mercantile Street
Worcester, MA 01609
Tel.: (508) 425-6330
Email: brudolf@murphyrudolf.com

By: /s/ John Y. Lee
      Attorney for Plaintiff

John Y. Lee*
Lee & Breen, LLC
188 Industrial Drive, Suite 403
Elmhurst, IL 60126
Tel.: (312) 241-1420
Email: jlee@leebreenlaw.com
*Admitted Pro Hac Vice before the
United States District Court for the
District of Massachusetts

## CERTIFICATE OF COMPLIANCE

The foregoing Response complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 5(c) because this Response contains 2836 words, excluding the parts of the Response exempted by Federal Rule of Appellate Procedure 32(f).

This Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Response has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  December 15, 2021

By:  /s/ Benjamin C. Rudolf

Benjamin C. Rudolf , Attorney for Appellee
Court of Appeals Bar Number: 114541
Murphy & Rudolf, LLP
One Mercantile Street
Worcester, MA 01609
Tel.: (508) 425-6330
Email: brudolf@murphyrudolf.com

By: /s/ John Y. Lee

John Y. Lee*, Attorney for Appellee
Lee & Breen, LLC
188 Industrial Drive, Suite 403
Elmhurst, IL 60126
Tel.: (312) 241-1420
Email: jlee@leebreenlaw.com
*Admitted Pro Hac Vice before the
United States District Court for the District
 of Massachusetts

APPEAL NO. 21-8034

IN THE UNITED STATS COURT OF APPEALS
FOR THE FIRST CIRCUIT

SMITH & WESSON, INC.,

Appellee,

v.

EARL DONALD BAKER,

Appellants.

ON PETITION FOR INTERLOCUTORY REVIEW
FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS
CASE NO. 3: 19-CV-30008-MGM

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Response in Opposition to the Petition for Permission to Appeal with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on December 15, 2021.

By: _/s/ Benjamin C. Rudolf_
Benjamin C. Rudolf
Court of Appeals Bar Number: 114541
Murphy & Rudolf, LLP
One Mercantile Street
Worcester, MA  01609
Brudolf@murphyrudolf.com
Telephone: 508.425.6330