No. _____

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIRST CIRCUIT

SMITH & WESSON, INC.,

*Petitioner,*

v.

EARL DONALD BAKER,

*Respondent.*



On Petition for Interlocutory Review
from the United States District Court for the District of Massachusetts
Case No. 3:19-cv-30008-MGM

## PETITION FOR INTERLOCUTORY APPEAL

Jeffrey E. Poindexter, BBO 90769
**Bulkley, Richardson and Gelinas, LLP**
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
Telephone: (413) 272-6232
jpoindexter@bulkley.com

Connie N. Bertram
**Bertram LLP**
1717 K Street N.W.
Suite 900
Washington, D.C. 20006
Telephone: (703) 627-1649
cbertram@bertramllp.com

## CORPORATE DISCLOSURE STATEMENT OF PETITIONER

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner Smith & Wesson, Inc. discloses the following information:

Petitioner Smith & Wesson, Inc. is a wholly owned, indirect subsidiary of Smith & Wesson Brands, Inc., a Nevada corporation. Smith & Wesson Brands, Inc. is a publicly-traded corporation on NASDAQ and has no parent corporation.

Respectfully submitted,

SMITH & WESSON, INC. f/k/a SMITH & WESSON CORP.

By their attorneys

**Bulkley, Richardson and Gelinas, LLP**

/s/   Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO 90769

1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
Telephone:  (413) 272-6232
Facsimile:   (857) 800-8249
jpoindexter@bulkley.com

and

**Bertram LLP**

/s/   Connie N. Bertram
Connie N. Bertram*

1717 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (703) 627-1649
cbertram@bertramllp.com
*Admitted Pro Hac Vice*

# TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT OF PETITIONE**...................... ii

**TABLE OF AUTHORITIES** .................................................................. vi

**INTRODUCTION**.................................................................................1

**QUESTION CERTIFIED** .....................................................................2

**FACTS NECESSARY TO UNDERSTAND THE PETITION** ............................2

**STANDARDS FOR GRANTING REVIEW**.............................................5

**REASONS FOR PERMITTING THE APPEAL** ...............................................5

    A.   Whether Section 78m(b)(2), (5) Is a "Rule or Regulation" of the SEC Is a Controlling Question of Law. ........................................................7

    B.   Substantial Ground for Difference of Opinion Exists on Whether 15 U.S.C. § 78m(b)(5) Is Covered by Sarbanes-Oxley ...............................9

    C.   The Certified Question Is a Dispositive, Threshold Legal Issue That Will Terminate the Litigation if Decided for Petitioners.....................................13

**CONCLUSION**...................................................................................16

**CERTIFICATE OF COMPLIANCE** ....................................................18

**CERTIFICATE OF SERVICE** ............................................................19

**Exhibit A** .........................................................................................21

**Exhibit B** .................................................................................................**26**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boniface v. Viliena,*
  417 F. Supp. 3d 113 (D. Mass. 2019) ................................................................ 9

*Camacho v. Puerto Rico Ports Auth.,*
  369 F.3d 570 (1st Cir. 2004) ............................................................................. 13

*Camacho v. Puerto Rico Ports Auth.,*
  267 F. Supp. 2d 174 (D.P.R. 2003)................................................................ 9, 13

*Caraballo-Seda v. Municipality of Hormigueros,*
  395 F.3d 7 (1st Cir. 2005) ............................................................................... 5, 14

*Collins v. Beazer Homes, Inc.,*
  334 F. Supp. 2d 1365 (N.D. Ga. 2004) ........................................................ 4, 11

*Day v. Staples, Inc.,*
  555 F.3d 42 (1st Cir. 2009) ............................................................................ 3, 12

*Department of Treasury, v. Federal Labor Relations Auth.*
  494 U.S 922, 931 (1990)...................................................................................... 11

*Erhart v. BofI Holdings,*
  2020 U.S. Dist. LEXIS 57137 at \*30 (S.D. Cal. 2020) ....................................... 11

*Feldman v. Law Enforcement Assocs. Corp.,*
  779 F. Supp. 2d 472 (E.D.N.C. 2011)................................................................... 4

*Hemphill v. Celanese Corp.,*
  430 Fed. App'x 341 (5th Cir. 2011).................................................................... 11

*In re San Juan Dupont Plaza Hotel Fire Litig.,*
  859 F.2d 1007 (1st Cir. 1988) ............................................................................. 13

*Johansen v. Liberty Mut. Grp.,* No. 15-12920,
  2017 U.S. Dist. LEXIS 33849 at \*4 (D. Mass. Mar. 9, 2017)............................ 14

*Klinghoffer v. S.N.C. Achille Lauro,*
  921 F.2d 21 (2d Cir. 1990).................................................................................... 7

*Lawson v. FMR, LLC,*
  670 F.3d 61 (1st Cir. 2012) ................................................................................... 8

*Lawson v. FMR, LLC,*
  724 F. Supp. 2d 167 (D. Mass. 2010) ................................................... 4, 8, 15, 16

*Dep't of Homeland Sec. v. MacLean,*
  574 U.S. 383 (2015)............................................................................................. 11

*McFarlin v. Conseco Servs.,*
  381 F.3d 1251 (11th Cir. 2004)............................................................................ 15

*McGillicuddy v. Clements*,
  746 F.2d 76 (1st Cir. 1984) .................................................................. 5, 9
*Meijer, Inc. v. Ranbaxy, Inc.*,
  245 F. Supp. 3d 312 (D. Mass. 2017) ............................................... 13, 14
*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ............................................................................... 5
*Palandjian v. Pahlavi*,
  782 F.2d 313 (1st Cir. 1986) .................................................................. 5
*Philip Morris Inc. v. Harshbarger*,
  957 F. Supp. 327 (D. Mass. 1997) ....................................................... 14
*Rodriguez v. Banco Cent.*,
  917 F.2d 664 (1st Cir. 1990) ................................................................ 13
*Sequeira v. KB Homes*,
  716 F. Supp. 2d 539 (S.D. Tex. 2009) ................................................... 4
*South Orange Chiropractic Ctr., LLC v. Cayan LLC*,
  2016 WL 3064054 (D. Mass. May 31, 2016) ....................................... 13
*Wadler v. Bio-Rad Labs.*,
  916 F.3d 1176 (9th Cir. 2019) ............................................. 4, 10, 11, 12
*Wagner v. Southern Cal. Edison Co.*,
  840 Fed. Appx. 993 (9th Cir. 2021) ..................................................... 11
*Waters v. Day & Zimmermann NPS, Inc.*,
  2020 WL 4754984 (D. Mass. Aug. 14, 2020) ........................................ 4

Statutes

15 U.S.C. § 78m(b)(2) ........................................................................ Passim
15 U.S.C. § 78m(b)(5) ........................................................................ Passim
18 U.S.C. § 1514A .......................................................................... 1, 3, 7
28 U.S.C. § 1292(b) ................................................................... 1, 2, 3, 5
42 U.S.C. § 1983 .................................................................................. 14

## INTRODUCTION

Petitioner Smith & Wesson, Inc. ("S&W") respectfully requests this Court grant interlocutory review of the District Court's Certified Order denying S&W's motion for summary judgment on Respondent's claim under Section 806 of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"). This Petition presents an important and controlling question of law under the Section 806 of SOX: Does the protection against retaliation for reporting conduct reasonably believed to violate a "rule and regulation of the Securities and Exchange Commission" cover the "internal controls" statute in 15 U.S.C. § 78m(b)(2) and (5)? This Court should permit interlocutory appeal and resolve this important and controlling legal question.

The legal question presented in this Petition has not been resolved by the First Circuit. As the District Judge found in his decision certifying his summary judgment ruling for interlocutory appeal, this legal question is the subject of disagreement between Circuit Courts (Fifth and Ninth Circuits) and District Courts in this Circuit and others. As this judicial experience demonstrates, the question is both unsettled and subject to substantial difference of opinion, satisfying the first element of 28 U.S.C. § 1292(b).

Moreover, the question presented is purely legal and is controlling in this case. Respondent does not dispute that the discrete legal issue on which Petitioner seeks

interlocutory appeal controls the resolution of his Section 806 claim. A ruling by this Court that Section 78m(b)(2) and (5) is not a covered "rule or regulation" of the SEC would end this litigation, avoiding unnecessary expert discovery, what is anticipated to be a three-week trial, and any resulting appeal to this Court.

Thus, all the factors of 28 U.S.C. § 1292(b) are clearly satisfied, making this an exceptional case for interlocutory review. This Court's resolution of this pivotal, unsettled question of law would provide much needed guidance in this case and District Courts in this Circuit. Petitioner respectfully requests that the Court grant its Petition and allow it to appeal this important issue.

## QUESTION CERTIFIED

Does 15 U.S.C. § 78m(b)(2), (5) constitute a "rule or regulation of the Securities and Exchange Commission" for the purpose of Section 806 whistleblowing protection under SOX?

## FACTS NECESSARY TO UNDERSTAND THE PETITION

To sustain a claim under Section 806, a plaintiff must show that he engaged in "protected activity" by reporting information he reasonably believed violated one of the following laws enumerated in Section 806:

> [A]ny lawful act done by [an] employee to provide information . . . which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, ***any rule or regulation of the Securities and Exchange Commission***, or any provision of Federal law relating to fraud against shareholders . . ..

2

18 U.S.C. § 1514A (emphasis added).

To sustain a prima facie case under Section 806, a plaintiff has the burden of proving that: (1) he engaged in protected activity; (2) his employer knew or suspected that the employee engaged in protected activity; (3) he suffered an adverse action; and (4) the circumstances were sufficient to raise an inference that the protected activity was a contributing factor in the adverse action. *Day v. Staples, Inc.,* 555 F.3d 42, 53 (1st Cir. 2009). In Petitioner's motion for summary judgment, it argued that Respondent could not satisfy his burden of showing that he engaged in protected activity because the violations about which he allegedly complained, i.e., alleged violations of Section 78m(b)(2) and (5), were covered by Section 806.

In its September 10, 2021 Order on Petitioner's motion for summary judgment, the District Court ruled that "[a] reasonable jury, crediting Plaintiff's testimony, could conclude that he 'reasonably believed' that the behavior he reported ***violated securities rules concerning accounting practices and internal controls.***" Ex. A at 2. Petitioner filed a motion seeking amendment of the Order to certify for interlocutory appeal the controlling legal issue of whether Section 78m(b)(2), (5) constitutes a "rule or regulation" of the SEC.

On November 24, 2021, the District Court granted the motion to amend, finding that each of the three elements of Section 1292(b) had been satisfied:

> First, whether a reported violation of Section 78m(b) is an appropriate predicate for a SOX whistleblowing claim is certainly "controlling" in this

3

case; Plaintiff does not allege any other protected activity to support his retaliation claim. *See Waters v. Day & Zimmermann NPS, Inc.*, 2020 WL 4754984, at *1 (D. Mass. Aug. 14, 2020) (defining "controlling" to mean "reversal would terminate the action" or "dramatically alter the scope of the case") (internal quotation marks and citation omitted); see also id. ("a controlling question typically implicates a pure legal principle that can be resolved without extensive consultation to the record and commonly involves a question of the meaning of a statutory... provision") (internal quotation marks omitted).

Second, there is disagreement among federal courts on this question and no guidance from the First Circuit. *Compare Wadler v. Bio-Rad Labs.*, 916 F.3d 1176, 1186 (9th Cir. 2019) (holding Section 78m(b)(5) was not a "rule or regulation" of SEC because it was not an administrative rule adopted by agency), with *Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 491-92 (E.D.N.C. 2011) (holding Section 78m(b) was "rule or regulation" of SEC); *Collins v. Beazer Homes, Inc.*, 334 F. Supp. 2d 1365, 1376-77 (N.D. Ga. 2004) (treating alleged violation of accounting controls as SOX-protected activity); *Sequeira v. KB Homes*, 716 F. Supp. 2d 539, 554 (S.D. Tex. 2009) (treating alleged violation of internal controls as SOX-protected activity). *See also Waters*, 2020 WL 4754984, at *3 (finding second prong of certification test met based on district court split).

Third, an immediate appeal would "materially advance the ultimate termination of the litigation" if the Circuit were to reverse this court because Plaintiff would have no remaining federal claims. *See Lawson*, 724 F. Supp. 2d at 168 ("[I]f certification results in reversal, these cases are concluded and the question is resolved, at least for the inferior federal courts of this Circuit."). Plaintiff's argument that he could resurrect his state wrongful termination claim as a basis for continuing to litigate in federal court has no merit. The parties have recently begun discovery and project a lengthy trial. Both the court and litigants will benefit from resolving the certified question before expending further time and energy on this case.

ECF No. 138 at 1-2. For the same reasons, S&W respectfully requests that the Court grant its Petition for Interlocutory Appeal and resolve this controlling issue of law.

## STANDARDS FOR GRANTING REVIEW

This Court may exercise its discretion to permit an interlocutory appeal from an order "(1) involving a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) for which an immediate appeal from the order may materially advance the termination of the litigation." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). This Court has explained that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Id.* (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986); *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)).

## REASONS FOR PERMITTING THE APPEAL

Interlocutory appeal is appropriate because this case "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the Supreme Court has recognized, these preconditions are "most likely to be satisfied when a . . . ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify

5

an interlocutory appeal in such cases." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009). Each of these preconditions are present here.

First, the legal question addresses a novel, controlling issue regarding the scope of whistleblower protection under Section 806 of the SOX: Does the protection against retaliation for providing information concerning violations of "any rule or regulation of the Securities and Exchange Commission" cover 15 U.S.C. § 78m(b)(2), (5)? If Section 806 does not cover Section 78m(b)(2), (5), Respondent may not pursue a SOX retaliation claim.

Second, there is substantial ground for a difference of opinion on this controlling question of law. The Ninth Circuit and District Courts within it have ruled that Section 78m(b)(5) is not a "rule or regulation" of the SEC covered by Section 806. The Fifth Circuit and District Court decisions in other Circuits, including the certified Order below, have reached the opposite conclusion. Guidance from the First Circuit is necessary for this case and other SOX retaliation cases in this Circuit.

Third, certifying interlocutory appeal to this Circuit will materially advance the resolution of this case. If this Court grants interlocutory appeal and rules that Section 78m(b)(2), (5) is not covered by Section 806, Respondent will be unable to pursue his Section 806 claim. Moreover, an interlocutory appeal here is likely to

expedite the resolution of other cases that present the same, recurring question concerning the scope of SOX coverage.

## A.    Whether Section 78m(b)(2), (5) Is A "Rule Or Regulation" of the SEC Is A Controlling Question of Law.

A "question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). Here, the determination of whether Respondent can sustain a Section 806 claim turns on the meaning of the phrase "rule or regulation of the Securities and Exchange Commission" in Section 806. If the interpretation offered by Petitioner is correct, this case will be over.

To sustain a claim under Section 806, a plaintiff must show that he engaged in "protected activity" by reporting information that he reasonably believed violated one of the following laws enumerated in Section 806:

> [A]ny lawful act done by [an] employee to provide information . . . which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, *any rule or regulation of the Securities and Exchange Commission*, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by . . . a person with supervisory authority over the employee.

18 U.S.C. § 1514A (emphasis added).

In his opposition to Petitioner's motion for summary judgment, Respondent argued that he could satisfy this element of his Section 806 claim because he allegedly complained about violations of 15 U.S.C. § 78m(b)(5), which he

7

characterized as a "rule or regulation" of the SEC. Ex. A at 1; Ex. B at 1-2. Section 78m(b)(5) provides that "[n]o person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in [15 U.S.C. § 78m(b)(2)]." 15 U.S.C. § 78m(b)(5). If this statute is not a "rule or regulation of the SEC," Respondent cannot – as a matter of law – show he complained about conduct he reasonably believed violated a statute or rule enumerated in Section 806.

This Court granted interlocutory appeal to address another controlling legal issue under Section 806 in *Lawson v. FMR LLC*. The controlling legal issue in that case was whether Section 806 covered employees of non-public affiliates. The District Court judge, noting that he was granting a petition for the first time in 24 years on the bench, ruled that:

> . . . the question of the applicability of the statute plainly controls this litigation. Indeed, if my determination that the statute may be extended to non-public affiliates in the mutual fund industry is wrong, the answer to the certified question will prove dispositive of these cases. Moreover, the question controls this type of Sarbanes-Oxley litigation generally.

724 F. Supp. 2d 167, 169 (D. Mass. 2010). Although this Court did not issue a written decision on FMR's petition, it granted interlocutory appeal and considered the merits of the controlling legal issue, finding that Section 806 did not extend to non-public affiliates of public companies. *Lawson v. FMR, LLC*, 670 F.3d 61, 63, 83 (1st Cir. 2012).

The same analysis applies here.  This Court ruled on summary judgment that "[a] reasonable jury, crediting Plaintiff's testimony, could conclude that Plaintiff 'reasonably believed' that the behavior he reported *violated securities rules concerning accounting practices and internal controls*."  Ex. A at 2.  As the District Court found, the determination of whether the *federal statute* about which Plaintiff allegedly complained is a "*rule or regulation*" of the SEC is a controlling issue of law for this case and for other SOX litigants generally.  Ex. B at 1-2; *see also Camacho v. Puerto Rico Ports Auth.*, 267 F. Supp. 2d 174, 178 (D.P.R. 2003) (controlling question of law regarding whether defendant was employer under federal discrimination statute warranted interlocutory review).

## B. Substantial Ground for Difference of Opinion Exists on Whether 15 U.S.C. § 78m(b)(5) is Covered by Sarbanes-Oxley

A "substantial ground for difference of opinion" exists when the controlling legal issue involves "one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements,* 746 F.2d 76, 76 n.1 (1st Cir. 1984).  That standard is easily satisfied where, as here, there is a split in both Circuit-level and District-level authority and this Court has not offered any guidance on the legal issue.  *See Boniface v. Viliena*, 417 F. Supp. 3d 113, 124 (D. Mass. 2019) (explaining that there is a "substantial ground for difference of opinion" where "there is disagreement within the judiciary "and the First Circuit has not provided guidance to district courts on the issue").

As the District Court found, there is "disagreement among federal courts" on whether 15 U.S.C. § 78m(b)(2), (5) is a covered "rule or regulation" of the SEC for the purposes of Section 806. *See* Ex. B at 2. In *Wadler v. Bio-Rad Laboratories*, 916 F.3d 1176, 1185-86 (9th Cir. 2019), the Ninth Circuit held that Section 78m(b)(2) and (5) are not "rule[s] or regulation[s]" of the SEC for the purposes of Section 806. In that case, the plaintiff's Section 806 claim was based on reports of alleged violations of the books and records and internal accounting controls provisions of 78m(b), including 78m(b)(2) and (5), the statutory provisions on which Respondent relies here. The defendant argued in briefing on jury instructions, its renewed motion for judgment and its motion for new trial that the plaintiff's disclosure of alleged Section 78m(b) violations was not protected activity under SOX. *Id.* at 1185-86. The district court rejected the defendant's arguments at each turn and instructed the jury that Section 78m(b) is a "rule or regulation of the SEC." The jury awarded the plaintiff in excess of $11 million in damages. *Id.* at 1181.

Applying "well-settled canons of statutory construction," the Ninth Circuit held that Section 806's text was clear: Sections 78m(b)(2) and (5) are not "rules or regulations" of the SEC. The Court explained its reasoning as follows:

> Although the words "rule" and "regulation" could perhaps encompass a statute when read in isolation, the more natural and plain reading of these words together and in context is that they refer only to *administrative rules or regulations*. That the phrase "rule or regulation" is used in conjunction with an administrative agency, the SEC, suggests that it encompasses only administrative rules or

> regulations.    Most notably, Congress uses the phrase "any rule or
> regulation of the [SEC]" in the same list in which it uses "any provision
> of Federal law relating to fraud against shareholders," *id.*, which
> strongly suggests that there is a difference between the meaning of "rule
> or regulation" and "law." *See MacLean*, 135 S. Ct. at 919-20 [585 U.S.
> 383, 390-91 (2015)]; *Department of Treasury, IRS*, 494 U.S. at 931-32.
> The most obvious explanation is that "law" encompasses statutes, like
> the FCPA, whereas "rule or regulation" does not.

*Id.* at 1186; *see also Wagner v. Southern Cal. Edison Co.,* 840 Fed. Appx. 993, 994

(9th Cir. 2021) (citing *Wadler*, 916 F.3d at 1186, in concluding that plaintiff's

"vague references to . . . unspecified accounting controls do not amount to the

requisite reasonable belief that the supervisor violated a 'rule or regulation of the

[SEC].'"); *Erhart v. BofI Holdings*, 2020 U.S. Dist. LEXIS 57137 at *30 (S.D. Cal.

2020) (finding that Section 78m(b) is not a "rule or regulation" of the SEC under

Section 806).

Other federal courts have reached the opposite conclusion.    In *Hemphill v.

Celanese Corp.*, the Fifth Circuit found, with no legal analysis, that Section

78m(b)(5) was a covered "rule or regulation" of the SEC.  430 Fed. App'x 341, 344

n.3 (5th Cir. 2011).  In *Collins v. Beazer Homes, Inc.*, 334 F. Supp. 2d 1365, 1377

(N.D. Ga. 2004), one of the first reported federal decisions interpreting Section 806,

the court recognized that the issue of whether Section 78m(b)(5) was covered was a

"close case," noting the "lack of guidance in the caselaw" on the issue.

Guidance from this Court is necessary to ensure that the retaliation provisions

of SOX are not extended beyond the express limitations of the statute.  Section 806

11

protects employees who "provide information" concerning three categories of statutes and rules: (1) specified federal fraud statutes (e.g., mail fraud); (2) "rules or regulations" of the SEC; and (3) federal laws regarding fraud against shareholders. *Day v. Staples*, 555 F.3d 42, 54-55 (1st Cir. 2009). Because Respondent does not dispute that his Section 806 claim is based on alleged reports of violations of the internal books and records and accounting controls provisions of Section 78m(b)(5), which cross-references Section 78m(b)(2), *see* Ex. A at 1-2, the only issue that would be presented on interlocutory appeal is whether Section 78m(b)(2), (5) is a "rule or regulation" of the SEC.

Section 78m(b)(2), (5) is neither a "rule" nor a "regulation" and was not issued by "the Securities and Exchange Commission." As the Ninth Circuit recognized in *Wadler*, the books and records and internal accounting controls provisions in Section 78m(b)(2) and (5) were enacted by Congress as part of the Foreign Corrupt Practices Act of 1977. It was incorporated into the United States Code as Section 13(b) of the Securities Exchange Act of 1934. As the Ninth Circuit recognized in *Wadler*, Section "806's text is clear: an FCPA provision is not a 'rule or regulation of the [SEC].'" *Wadler*, 916 F.3d at 1186. Any other ruling would do violence to the express language of the statute. The split in authority – both at the Circuit Court and District Court level – demonstrates that there is substantial ground for difference of opinion on this legal issue.

Moreover, the fact that this important and controlling legal issue remains unresolved by this Court supports the grant of interlocutory appeal. Then-Chief Judge Breyer, for example, explained that where this Court had not yet resolved an issue that was the subject of disagreement among other courts, interlocutory appeal is appropriate. *See Rodriguez v. Banco Cent.*, 917 F.2d 664, 665 (1st Cir. 1990) (Breyer, C.J.). More recently, the First Circuit granted interlocutory review to resolve "an open question" in this Circuit. *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004) (citing district court, at 267 F. Supp. 2d 174, 177 (D.P.R. 2003), which noted the "law in this circuit is far from settled").

## C. The Certified Question Is A Dispositive, Threshold Legal Issue That Will Terminate The Litigation If Decided For Petitioners

There are two elements to the "controlling question" factor, both of which are satisfied here.

<u>First</u>, the legal issue presented – i.e., whether Section 78m(b)(2), (5) is "rule or regulation" of the SEC covered by SOX – is a "pure legal principle that can be resolved without extensive consultation to the record." *Meijer, Inc. v. Ranbaxy, Inc.*, 245 F. Supp. 3d 312, 315 (D. Mass. 2017) (citing *South Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. 15-13069, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016)). In *Caraballo-Seda*, for instance, this Court ruled that the question of whether a statute precluded 42 U.S.C. § 1983 claims was a controlling question of law. 395 F.3d at 9. A question is legal when "the First Circuit can make [the]

13

determination with minimal review of the factual record because it only requires statutory and case law interpretation" or determining "the meaning of a statutory or constitutional provision." *Meijer,* 245 F. Supp. 2d at 315; *see also Johansen v. Liberty Mut. Grp.,* No. 15-12920, 2017 U.S. Dist. LEXIS 33849 at *4 (D. Mass. Mar. 9, 2017) (holding that "[a] controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts.").

That is precisely the case here, where the question certified by the District Court is the purely legal question of whether Section 78m(b)(2), (5) is a "rule or regulation" of the SEC covered by Section 806. As the District Court found, that question involves no question of fact and requires no review of the record whatsoever. *See* Ex. B at 2.

Second, this is a "controlling" question of law because it completely resolves this case. As courts in this Circuit have recognized, "[a] question of law is 'controlling' if reversal of the district court's order would terminate the action." *Meijer,* 245 F. Supp. 3d at 315 (citing *Philip Morris Inc. v. Harshbarger,* 957 F. Supp. 327, 330 (D. Mass. 1997)); *see also McFarlin v. Conseco Servs.,* 381 F.3d 1251, 1259 (11th Cir. 2004) (materially advancing the ultimate termination of litigation "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation").

14

A finding by this Circuit that Section 78m(b)(2) and (5) are not covered by Section 806 would terminate the litigation because Respondent would be unable to establish that he engaged in protected activity, an essential elements of his SOX claim. As the District Court found "whether a reported violation of Section 78m(b) is an appropriate predicate for a SOX whistleblowing claim is certainly 'controlling' in this case; Plaintiff does not allege any other protected activity to support his retaliation claim." Ex. B at 2.

This Court has recognized that, when the viability of the plaintiff's case depends on whether he is covered under SOX, an interlocutory appeal would be controlling and materially advance the termination of the legislation. In *Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 168 (D. Mass. 2010), the defendant filed a motion to dismiss the plaintiff's Section 806 claim, arguing that the plaintiffs could not sustain a claim because they were not "employees" of a publicly-traded entity. The District Court granted the petition, finding that an "appellate decision – whether an affirmance or reversal – would materially advance the termination of these cases." *Id.* at 169.

The District Court explained that:

if certification results in reversal, these cases are concluded and the question is resolved, at least for the inferior federal courts of this Circuit. If certification results in affirmance, while additional proceedings will be necessary in this court, the issues will be highly fact intensive but with certain boundaries framed by the appellate holding. Certainty as to the fundamental legal issue is likely to shape

> both discovery initiatives and settlement strategies in a fashion which should expedite resolution of these cases overall.

*Id.* This Court granted the Petition for Interlocutory Appeal and ruled on the substance of this controlling issue concerning SOX coverage.

As was the case in *Lawson*, there is no question that a ruling from the Court on this controlling legal issue would materially advance the termination of this litigation.

## CONCLUSION

The petition for interlocutory appellate review should be granted.

Respectfully submitted,

Smith & Wesson, Inc. f/k/a Smith & Wesson Corp.

By their attorneys

**Bulkley, Richardson and Gelinas, LLP**

/s/   Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO 90769

1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
Telephone:  (413) 272-6232
Facsimile:   (857) 800-8249
jpoindexter@bulkley.com

And

**Bertram LLP**

/s/  Connie N. Bertram
Connie N. Bertram*

1717 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (703) 627-1649
cbertram@bertramllp.com
*Admitted Pro Hac Vice before District
Court*

17

## CERTIFICATE OF COMPLIANCE

The foregoing petition complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 5(c) because this petition contains 3968 words, excluding the parts of the petition exempted by Federal Rule of Appellate Procedure 32(f).

This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirement of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: December 6, 2021                                    /s/ Connie N. Bertram
                                                          Connie N. Bertram

**No.**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

**SMITH & WESSON, INC.,**

*Appellee,*

**v.**

**EARL DONALD BAKER,**

*Appellants.*

**Petition for Interlocutory Review from the United States District Court for the District of Massachusetts**
**Case No. 3:19-cv-30008-MGM**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Petition for Permission to Appeal with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on December 6, 2021..

**Bulkley, Richardson and Gelinas, LLP**

/s/   Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO 90769

1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA 01115-5507
Telephone:   (413) 272-6232
Facsimile:    (857) 800-8249
jpoindexter@bulkley.com

19

and

**Bertram LLP**

<u>/s/   Connie N. Bertram</u>
Connie N. Bertram\*

1717 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (703) 627-1649
<u>cbertram@bertramllp.com</u>
\* *Admitted Pro Hac Vice before District
Court*

**Exhibit A**

**From:** ECFnotice@mad.uscourts.gov <ECFnotice@mad.uscourts.gov>
**Sent:** Friday, September 10, 2021 12:46 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 3:19-cv-30008-MGM Baker v. Smith & Wesson Corp. Order on Motion for Summary Judgment

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**United States District Court**

**District of Massachusetts**

## Notice of Electronic Filing

The following transaction was entered on 9/10/2021 at 12:45 PM EDT and filed on 9/10/2021
**Case Name:** Baker v. Smith & Wesson Corp.
**Case Number:** 3:19-cv-30008-MGM
**Filer:**
**Document Number:** 127(No document attached)

**Docket Text:**
**Judge Mark G. Mastroianni: ELECTRONIC ORDER entered GRANTING IN PART and DENYING IN PART [114] Motion for Summary Judgment.**

**Plaintiff alleges that he was wrongfully terminated by Defendant Smith & Wesson for whistleblowing protected by Section 806 of the Sarbanes-Oxley Act ("SOX"). *See* 18 U.S.C. § 1514A(a)(1) ("No [publicly traded company] may discharge... an employee [who]... provide[s] information... which the employee reasonably believes constitutes a violation of... any rule or regulation of the [SEC]."). A prima facie case under Section 806 requires Plaintiff to prove that (1) he engaged in protected activity; (2) his employer knew about the protected activity; (3) Plaintiff suffered an "unfavorable personnel action;" and (4) the circumstances of the unfavorable action raise an inference that Plaintiff's protected activity was a contributing factor to the unfavorable action. *Day v. Staples, Inc.*, 555 F.3d 42, 53 (1st Cir. 2009). If Plaintiff establishes a prima facie case, the burden shifts to Defendant to show, by clear and convincing evidence, that the employer would have taken the adverse employment action regardless of Plaintiff's protected activity. *Id.* The court views the evidence in the light most favorable to Plaintiff.**

*Rock v. Lifeline Sys. Co.*, 2015 WL 6453139, at *2 (D. Mass. Oct. 23, 2015) (denying summary judgment on SOX whistleblower claim).

Material, disputed facts preclude summary judgment on Plaintiff's whistleblower claims. *See id.* A reasonable jury, crediting Plaintiff's testimony, could conclude that Plaintiff "reasonably believed" that the behavior he reported violated securities rules concerning accounting practices and internal controls. *See Day*, 555 F.3d at 54 ("reasonable belief" under Section 806 has subjective and objective components). Plaintiff "need not demonstrate that a violation of law actually occurred... [r]ather, it is sufficient that [Plaintiff] demonstrate[] that [he] reasonably believed that the defendant's conduct violated federal law." *Barker v. UBS AG*, 888 F. Supp. 2d 291, 298 (D. Conn. 2012) (internal citation and quotation marks omitted). Plaintiff's testimony that he learned about SOX during Defendant's orientation and his repeated reports of suspected violationsspecifically referring to SOX in his complaints to Human Resourcescould prove that he subjectively believed Defendant had violated SOX. (*See, e.g.,* Dkt. No. 121-1 ("Baker Dep.") at 240-42, 305-306, 332-36, 489-90.) As to the objective component, summary judgment is warranted "only if there is no genuine issue of material fact as to the belief's reasonableness." *Leshinsky v. Telvent GIT, S.A.*, 942 F. Supp. 2d 432, 444 (S.D.N.Y. 2013). A jury could credit Plaintiff's testimony that Defendant allowed Pioneer to overcharge Defendant for tools restocked in the autocribs (Baker Dep. at 288-92, 300, 351-54, 367-68; 121-15); that Defendant's record-keeping practices did not enable Defendant to track or correct over-billing by vendors (Baker Dep. at 361-62); that Plaintiff's supervisor and others favored Pioneer over other vendors for their personal benefit and to Defendant's detriment (*id.* at 243, 258-60, 264-65, 358-59); that Pioneer had a "pay to play" relationship with Defendant (*id.* at 218, 235-36, 272-73, 278-80, 318-22, 331-33); and that someone working for Defendant had destroyed incriminating documents by erasing them from Defendant's database and stealing Plaintiff's files (*id.* at 227-29, 405, 515).

A reasonable jury could also infer, crediting Plaintiff's testimony and evidence, that Plaintiff's protected activity was a "contributing factor" in his termination. *Deltek, Inc. v. Dep't of Labor*, 649 Fed. Appx 320, 329 (4th Cir. 2016) ("The 'contributing factor' standard... is a 'broad and forgiving' one, distinctly more protective of plaintiffs than the familiar *McDonnell Douglas* framework applied in Title VII cases.") (internal citations omitted). Plaintiff testified that within his first week of work, he reported to his supervisor Larry Flatley suspected favoritism of Pioneer. (Baker Dep. at 217.) In May 2013, Plaintiff and Mr. Flatley attended an EASTEC conference where Plaintiff observed "pay to play" behavior from Pioneer. (*Id.* at 318-22; 121-34.) After Plaintiff shared his view with Mr. Flatley, their relationship deteriorated. (Baker Dep. at 346-47, 434-35, 447-48, 476; 121-16; 121-33.) In June 2013, Plaintiff told Human Resources his concerns about "SOX issues" arising out of Mr. Flatley's relationship to Pioneer, and Mr. Flatley's retaliatory denial of a cost-of-living increase for Plaintiff. (Baker Dep. at 136-37, 318-22, 458, 468-69, 494-95.) Plaintiff had three more meetings with HR to discuss Pioneer and Mr. Flatley, the last one day before Mr. Flatley gave Plaintiff a negative, off-cycle performance review on February 6, 2014, which Plaintiff's HR

representative was not allowed to attend. (*Id.* at 323, 442-45, 452, 491-92.) Plaintiff complained about alleged SOX violations several times to Ed Suraci, Director of Operational Effectiveness, and had a series of meetings with General Counsel Rob Cicero that continued until the day that Mr. Cicero suggested Plaintiff accept two weeks' severance pay to quit. (Baker Dep. at 179, 330-35, 420-21, 448, 455-56, 494-96, 500-503; 121-16; 121-29; 121-48.) And, Defendant's September 23, 2014 termination letter specifically noted Plaintiff's "allegations of wrongdoing by others." (Baker Dep. at 391, 462-63; 121-52; 121-54.) Defendant argues that it would have terminated Plaintiff regardless of his SOX allegations, but there is ample evidence for a jury to conclude otherwise. *See Barker*, 888 F. Supp. 2d at 300 (holding that "plaintiff need not prove that her protected activity was the primary motivating factor in her termination"). A jury may believe some, all, or none of Plaintiff's evidence, but summary judgment on the present record is not appropriate. *See Leshinsky*, 942 F. Supp. 2d at 451 (denying summary judgment where "legitimate frustrations with Plaintiff played a large role in his firing.... [but] it [was] not *beyond genuine dispute* that legitimate reasons *alone* motivated Plaintiff's firing") (emphasis original) (internal citation omitted).

Plaintiff cannot state a claim, however, for wrongful termination under Massachusetts law because it is based on the same behavior as his SOX claims. *See Day*, 555 F.3d at 59-60 (dismissing wrongful termination claim because it would be "entirely inappropriate for plaintiff to be able to use a federal statute designed to address the inadequacies of state law [*i.e.*, SOX] to create a new common law cause of action under Massachusetts law").

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's wrongful termination claim (count III) and DENIED as to his SOX whistleblowing claims (counts I and II). (Zamorski, Michael)

3:19-cv-30008-MGM Notice has been electronically mailed to:

Jeffrey E. Poindexter    jpoindexter@bulkley.com, klandry@bulkley.com

Benjamin C. Rudolf    brudolf@mvsllp.com

Elizabeth S. Zuckerman    ezuckerman@bulkley.com, hfigueiredo@bulkley.com, rfederici@bulkley.com

Lauren C. Ostberg    lostberg@bulkley.com, klandry@bulkley.com

John Yo-Hwan Lee    jlee@leebreenlaw.com, jmagiera@leebreenlaw.com

Connie N. Bertram    cbertram@bertramllp.com, mrypkema@bertramllp.com

3:19-cv-30008-MGM Notice will not be electronically mailed to:

Alex Chad Weinstein
Proskauer Rose Llp
70 W Madison

Suite 3800
Chicago, IL 60602

**Exhibit B**

**From:** ECFnotice@mad.uscourts.gov <ECFnotice@mad.uscourts.gov>
**Sent:** Wednesday, November 24, 2021 11:32 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 3:19-cv-30008-MGM Baker v. Smith & Wesson Corp. Order on Motion for Leave to Appeal

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**District of Massachusetts**

## Notice of Electronic Filing

The following transaction was entered on 11/24/2021 at 11:31 AM EST and filed on 11/24/2021
**Case Name:**        Baker v. Smith & Wesson Corp.
**Case Number:**    3:19-cv-30008-MGM
**Filer:**
**Document Number:** 138(No document attached)

**Docket Text:**
**Judge Mark G. Mastroianni: ELECTRONIC ORDER entered ALLOWING [129] Defendant's Motion for Leave to Appeal.**

**On September 10, 2021, the court entered an order denying, in part, Defendant's motion for summary judgment. (Dkt. No. 127.) In reaching its decision, the court accepted Plaintiff's argument that he engaged in "protected activity" under the whistleblowing provisions of the Sarbanes-Oxley Act ("SOX") when Plaintiff reported alleged violations of books and records requirements and internal accounting controls required by 15 U.S.C. § 78m(b)(2), (5). *See* SOX, 18 U.S.C. § 1514A (providing whistleblower protections to employees reporting "violation of... any rule or regulation of the [SEC]"). The court recognizes there is limited legal guidance, and none from this Circuit, as to whether Section 78m(b) constitutes a "rule or regulation" of the SEC for the purpose of invoking SOX whistleblower protections. The language of SOX is opaque. *See Lawson v. FMR LLC*, 724 F. Supp. 2d 167, 169 (D. Mass. 2010) (finding "the challenged drafting of the Sarbanes-Oxley Act has provided substantial ground within which to stake out different opinions regarding statutory intent"). The court was ultimately**

persuaded, however, by the remedial nature of SOX's whistleblowing protections to find that "rule or regulation of the [SEC]" applied to Section 78m(b), which is part of the Securities Exchange Act of 1934 and enforced by the SEC. The court concluded, therefore, Plaintiff's whistleblowing as to Defendant's alleged violations of Section 78m(b)(2), (5) was protected activity and denied Defendant's motion for summary judgment as to Plaintiff's SOX whistleblowing claim. Defendant now moves for interlocutory appeal.

"To certify an interlocutory appeal under § 1292(b) the district court must make an order, and must state three things in the order: that it is 'of the opinion' that the order (1) 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'that an immediate appeal may materially advance the ultimate termination of the litigation.'" 16 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3930 (3d ed. Apr. 2021) (quoting 28 U.S.C. § 1292(b)). *See also Lawson*, 724 F. Supp. 2d at 169 (certifying question for interlocutory appeal in SOX whistleblowing case).

First, whether a reported violation of Section 78m(b) is an appropriate predicate for a SOX whistleblowing claim is certainly "controlling" in this case; Plaintiff does not allege any other protected activity to support his retaliation claim. *See Waters v. Day & Zimmermann NPS, Inc.*, 2020 WL 4754984, at *1 (D. Mass. Aug. 14, 2020) (defining "controlling" to mean "reversal would terminate the action" or "dramatically alter the scope of the case") (internal quotation marks and citation omitted); *see also id.* ("a controlling question typically implicates a pure legal principle that can be resolved without extensive consultation to the record and commonly involves a question of the meaning of a statutory... provision") (internal quotation marks omitted).

Second, there is disagreement among federal courts on this question and no guidance from the First Circuit. *Compare Wadler v. Bio-Rad Labs.*, 916 F.3d 1176, 1186 (9th Cir. 2019) (holding Section 78m(b)(5) was not a "rule or regulation" of SEC because it was not an administrative rule adopted by agency), *with Feldman v. Law Enforcement Assocs. Corp.*, 779 F. Supp. 2d 472, 491-92 (E.D.N.C. 2011) (holding Section 78m(b) was "rule or regulation" of SEC); *Collins v. Beazer Homes USA, Inc.*, 334 F. Supp. 2d 1365, 1376-77 (N.D. Ga. 2004) (treating alleged violation of accounting controls as SOX-protected activity); *Sequeira v. KB Homes*, 716 F. Supp. 2d 539, 554 (S.D. Tex. 2009) (treating alleged violation of internal controls as SOX-protected activity). *See also Waters*, 2020 WL 4754984, at *3 (finding second prong of certification test met based on district court split).

Third, an immediate appeal would "materially advance the ultimate termination of the litigation" if the Circuit were to reverse this court because Plaintiff would have no remaining federal claims. *See Lawson*, 724 F. Supp. 2d at 168 ("[I]f certification results in reversal, these cases are concluded and the question is resolved, at least for the inferior federal courts of this Circuit."). Plaintiff's argument that he could resurrect his state wrongful termination claim as a basis for continuing to litigate in federal court has no merit. The parties have recently begun discovery and project a lengthy trial. Both the court and litigants will benefit from resolving the certified question before expending further time and energy on this case.

**The court hereby amends its order at Dkt. No. 127 as necessary to certify to the First Circuit the following question: Does 15 U.S.C. § 78m(b)(2), (5) constitute a "rule or regulation of the Securities and Exchange Commission" for the purpose of Section 806 whistleblowing protection under SOX?** *See Lawson v. FMR LLC,* **670 F.3d 61 (1st Cir. 2012) (granting cross-petitions for interlocutory review of certified question under § 1292(b) and reversing district court). The parties have 10 days from this order to file an interlocutory appeal.** *See* **§ 1292(b). The court further orders this case stayed pending decision by the First Circuit whether to hear an interlocutory appeal, and if so, resolution of the appellate proceedings. (Figueroa, Tamara)**

**3:19-cv-30008-MGM Notice has been electronically mailed to:**

Jeffrey E. Poindexter    jpoindexter@bulkley.com, klandry@bulkley.com

Benjamin C. Rudolf    brudolf@mvsllp.com

Elizabeth S. Zuckerman    ezuckerman@bulkley.com, hfigueiredo@bulkley.com, rfederici@bulkley.com

Lauren C. Ostberg    lostberg@bulkley.com, klandry@bulkley.com

John Yo-Hwan Lee    jlee@leebreenlaw.com, jmagiera@leebreenlaw.com

Connie N. Bertram    cbertram@bertramllp.com, mrypkema@bertramllp.com, wlivingston@bertramllp.com

**3:19-cv-30008-MGM Notice will not be electronically mailed to:**

Alex Chad Weinstein
Proskauer Rose Llp
70 W Madison
Suite 3800
Chicago, IL 60602



**325 7TH ST NW**
**Washington, DC 20004**
**(202) 347-8730**

Terminal: 0671MIX01
12/6/2021 17:18
Receipt #: 0671HRX1758
Type: Purchase

| Qty | Description | Amount |
|-----|-------------|--------|
| 144 | PNG B&W S/S 8.5x11 & 8.5x14 | 23.04 |

|  |  |  |
|--|--|--|
| SubTotal | | 23.04 |
| District tax | | 0.00 |
| City tax | | 0.00 |
| County tax | | 0.00 |
| State tax | | 1.38 |
| Total | USD | $24.42 |

Acct #:************1008
AMERICAN EXPRESS
Contactless
Auth No.: 183304
Mode: Issuer
AID: A000000025010801
NO CVM
CVM Result: 1F0202
TVR: 0000008000
IAD: 06550103A00002
TSI: E800
ARC: 00
APPROVED

The Cardholder agrees to pay the Issuer of the charge card in accordance with the agreement between the Issuer and the Cardholder.



Tell us how we're doing and get a coupon for $7 off a print order of $40. Complete our survey by scanning the QR code below, visit **fedex.com/welisten**.



Offer expires 6/30/2022

*$7 off print order of $40.00 or more. Discount applies to orders placed in a FedEx Office store or online through FedEx Office® Print Online. Offer is valid at time of purchase only, no cash value and may not be discounted or credited toward past or future purchases; discount cannot be used in combination with custom-bid orders, other coupons, or discounts, including account pricing. Discount not valid on the following products and services: finishing only orders; self-service print, photo station, fax or scan; direct mail, EDDM® or postage. Does not apply to shipping. Custom Branded boxes, rush or delivery charges. Does not apply to retail products, no cash value. Offer void where prohibited or restricted by law. Products, services and hours may vary by location. © 2022 FedEx. All rights reserved. Offer expires 6/30/2022.

By submitting your project to FedEx Office or by making a purchase in a FedEx Office store, you agree to all FedEx Office terms and conditions, including limitations of liability.

Request a copy of our terms and conditions from a team member or visit **fedex.com/officeserviceterms** for details.



ORIGIN ID:B2SA                    (415) 419-7757
CONNIE BERTRAM
BERTRAM
1717 K ST NW
STE 900
WASHINGTON DC 20006
UNITED STATES US

SHIP DATE: 06DEC21
ACTWGT:
CAD: 308600009 NET4402

BILL CREDIT CARD

TO  CLERK'S OFFICE

1 COURTHOUSE WAY
SUITE 2500
BOSTON MA 02210
(617) 748-9057          REF
INV:
PO:                           DEPT

**FedEx** Express

TUE - 07 DEC 9:30A
FIRST OVERNIGHT

7754 074 3231

E1 BV A

02210
MA-US  BOS

© 2015 FedEx 158396 REV 6/15